JAMES A. FRANKLIN, Respondent, *v.* CALVIN VANCE AND J. L. HUDDLESTONE, Appellants.

*Jurisdiction—Probate and Common Pleas Court of Greene County.*—The Probate and Common Pleas Court of Greene county has concurrent jurisdiction with justices of the peace and Circuit Courts only in actions on contracts; it has no jurisdiction in actions on torts.

*Appeal from Probate and Common Pleas of Greene Co.*

*Krum, Decker & Krum* with *Phelps*, for appellants.

I. "The Probate and Common Pleas Court of Greene county" is a court of limited jurisdiction (Local Acts 1855, p. 57), and therefore can exercise no jurisdiction except that which is delegated. The language of the act is "concurrent jurisdiction with justices of the peace upon all actions upon note or account for the recovery of money, as now provided by law for Circuit Courts; and concurrent jurisdiction with the Circuit Court, when the amount claimed does not exceed one thousand dollars exclusive of interest." This act does not confer jurisdiction in actions of tort except when taken from justices of the peace. This suit is for a trespass, and therefore the Probate and Common Pleas Court had not jurisdiction. The plaintiff cannot waive the tort and sue

for value as at common law—Adams v. Mortland, 33 Mo. 578.

II. Consent cannot give jurisdiction—Stone v. Corbett, 20 Mo. 353; Fillet v. Engler, 8 Cal. 76.

FAGG, Judge, delivered the opinion of the court.

We shall pass over all of the errors relied upon for the reversal of this case except the one in relation to the jurisdiction of the *court*. This involves the construction of the statutes creating the "Probate and Common Pleas Court" for the county of Greene, and settles this case conclusively.

After defining the probate jurisdiction of the court, the following language, as it occurs in the act referred to (Private and Local Acts Adj. Sess. 1855, sec. 4), determines its jurisdiction in all other cases except in appeals from justices of the peace, viz.: "concurrent jurisdiction with justices of the peace upon all actions upon *note or account* for the recovery of money, as now provided by law for Circuit Courts; and concurrent jurisdiction with the Circuit Court, when the amount claimed does not exceed one thousand dollars *exclusive of interest*."

This was an action instituted in that court for the wrongful taking of a mare alleged to be worth the sum of one hundred dollars, and asking judgment for damages to that amount. There was a verdict and judgment for the respondent for the amount of damages claimed, an unsuccessful motion for a new trial, and the case brought here by appeal.

This jurisdiction of the court in which this case was tried is most clearly limited by the terms of the act creating it. The latter part of the sentence, as quoted from sec. 4 of the act referred to, shows conclusively that actions in form *ex contractu* were only intended to be embraced. This being an action of trespass, is beyond the jurisdiction of the court.

The judgment of the court below is reversed and the cause remanded. The other judges concur.